IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NORMA EUNICE GOMEZ,

    Plaintiff,

v.   Civ. No. 15-00507 KG/SCY

CAROLYN W. COLVIN,
*Commissioner of the*
*Social Security Administration*,

    Defendant.

## REPORT AND RECOMMENDATIONS

This matter is before me on Plaintiff's Motion to Reverse and Remand the Social Security Administration Commissioner's decision to deny Claimant disability insurance benefits. ECF No. 24. For the reasons discussed below, I recommend that the Court deny Plaintiff's motion.

**I.   BACKGROUND**

    **A.   Claimant's medical history**

Plaintiff Norma Gomez is a sixty year old woman who filed an application for disability insurance benefits claiming that she was unable to work due to diabetes, weakness in her arms and legs, shoulder problems, sleeping problems, and high cholesterol. Administrative Record ("AR") at 52.

Because the parties are familiar with the record, the following will recount the portions of Plaintiff's medical history pertinent to the issue before the Court. Plaintiff suffers from type 2 diabetes and is obese. AR 420, 421, 535. The records reflect that during Plaintiff's visits with doctors regarding her diabetes and other ailments, she sporadically complained of fatigue and

tiring easily.  Based on the Court's review of the record, Plaintiff complained of fatigue to her doctors on three instances: February 25, 2008, March 25, 2011, and June 2011.  AR 370, 372, and 388. Plaintiff repeated these complaints in her function reports with the Social Security Administration as well as during the hearing before the ALJ.  AR 37, 200.

Plaintiff was further evaluated by Dr. Elena Bissell.  AR 534.  Dr. Bissell's disability determination evaluation of Plaintiff noted that Plaintiff suffers from diabetes and that while she is obese, she was "in no apparent distress." AR 535-36. Dr. Bissell further found that Plaintiff suffers no "functional limitations in standing, walking, sitting, lifting, carrying, speaking, or hearing." AR 536.  These findings were consistent with a residual functioning capacity assessment entered by Dr. Rayme Romanik which found Plaintiff capable of medium work, which was affirmed upon reconsideration. AR 58, 67.

### B.     Procedural history

Claimant filed her Titles II application for disability insurance benefits on June 15, 2011, alleging a disability onset date of February 20, 2007.  AR at 16. She later amended her disability onset date to January 28, 2011.  AR 16, 33. Her claim was initially denied on August 8, 2011 and her request for reconsideration was denied on February 24, 2012.  *Id.*  Plaintiff requested a hearing on June 3, 2011.  *Id.*  A hearing was held on February 26, 2013.  *Id.*  The ALJ issued a decision on December 30, 2013, denying Plaintiff's request for benefits. AR at 16-24.

## II.    APPLICABLE LAW

### A.  Disability Determination Process

A claimant is considered disabled for purposes of Social Security disability insurance benefits if that individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Commissioner has adopted a five-step sequential analysis to determine whether a person satisfies these statutory criteria. *See* 20 C.F.R. § 404.1520. The steps of the analysis are as follows:

(1) Claimant must establish that she is not currently engaged in "substantial gainful activity." If claimant is so engaged, she is not disabled and the analysis stops.

(2) Claimant must establish that she has "a severe medically determinable physical or mental impairment . . . or combination of impairments" that has lasted for at least one year. If claimant is not so impaired, she is not disabled and the analysis stops.

(3) If claimant can establish that her impairment(s) are equivalent to a listed impairment that has already been determined to preclude substantial gainful activity, claimant is presumed disabled and the analysis stops.

(4) If, however, claimant's impairment(s) are not equivalent to a listed impairment, claimant must establish that the impairment(s) prevent her from doing her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. § 404.1545(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* § 404.1545(a)(3). Second, the ALJ determines the physical and mental demands of claimant's past work. Third, the ALJ determines whether, given claimant's RFC, claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled and the analysis stops.

(5) At this point, the burden shifts to the Commissioner to show that claimant is able to "make an adjustment to other work." If the Commissioner is unable to make that showing, claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 1520(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

### B. Standard of Review

A court must affirm the denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d

799, 800-01 (10th Cir. 1991).  In making these determinations, the reviewing court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). For example, a court's disagreement with a decision is immaterial to the substantial evidence analysis. A decision is supported by substantial evidence as long as it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support [the] conclusion." *Casias*, 933 F.3d at 800. While this requires more than a mere scintilla of evidence, *Casias*, 933 F.3d at 800, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

Similarly, even if a court agrees with a decision to deny benefits, if the ALJ's reasons for the decision are improper or are not articulated with sufficient particularity to allow for judicial review, the court cannot affirm the decision as legally correct. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). As a baseline, the ALJ must support his or her findings with specific weighing of the evidence and "the record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009-10. This does not mean that an ALJ must discuss every piece of evidence in the record. But, it does require that the ALJ identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting. *Id.* at 1010.

**III.   ANALYSIS**

Plaintiff raises one issue for review: Plaintiff contends that the ALJ's decision should be remanded because the ALJ did not discuss the impact of fatigue on Plaintiff's ability to maintain attention throughout the work day. ECF No. 25 at 5. Specifically, Plaintiff argues that the ALJ's

finding that Plaintiff is obese and suffering from diabetes necessitated that the ALJ consider the effects of fatigue on her ability to sustain work. ECF No. 25 at 6.

Plaintiff primarily relies on *Clark v. Barnhart*, 64 Fed. App'x. 688 (10th Cir. 2003). In *Clark*, the Tenth Circuit held that the ALJ erred in not considering the plaintiff's complaints of chronic disabling fatigue. *Id.* at 691-92. The Court noted that Plaintiff suffered from multiple sclerosis, "which can reasonably be expected to produce fatigue." *Id.* at 691. Important to the Court's decision was that the "ALJ never specifically considered Clark's allegations of fatigue at all," nor provided an explanation as to why he broadly disregarded her allegations of pain and other limitations. *Id.*

I recommend concluding that the present case is distinguishable from *Clark* because the ALJ sufficiently discussed Plaintiff's complaints of fatigue in his decision. The ALJ determined that Plaintiff had the residual functional capacity (RFC) to "perform a full range of light work." AR 20. The ALJ stated that in reaching this conclusion, he "considered all symptoms and the extent to which these symptoms [could] reasonably be accepted as consistent with the objective medical evidence and other evidence." AR 20. The ALJ acknowledged that Plaintiff alleged that she is "easily fatigued, which affects her ability to perform daily activities." AR 21. The ALJ further recognized that Plaintiff alleges that this fatigue, in conjunction with other impairments, renders her unable to sustain fulltime work. AR 21. After acknowledging Plaintiff's alleged limitations, the ALJ then concluded that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms…the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." AR 21. The ALJ supported this determination in concluding that Plaintiff's treatment for her "disabling impairments," including diabetes, has been "essentially routine and/or

conservative in nature…[and] [t]he record reveals relatively infrequent trips to the doctor for the allegedly disabling symptoms."

The ALJ further found that "the medical evidence does not substantiate the claimant's subjective complaints," which included her fatigue. AR 22. Importantly, no physician opined that Plaintiff's fatigue limited her in any way. The ALJ found that "the description of the symptoms and limitations reported by the claimant [were] generally inconsistent with the record as a whole and therefore unpersuasive." AR 22. The ALJ subsequently reiterated these findings in his decision in concluding that Plaintiff's statements regarding her alleged limitations were "not fully credible." AR 23. Ultimately, while the ALJ did not continue to use the word "fatigue" throughout his decision, it is clear based on the ALJ's initial discussion of Plaintiff's alleged limitations, that when referring to Plaintiff's subjective complaints, he was referring, in part, to her alleged fatigue. AR 21. With that in mind, in reading the ALJ's decision as a whole, it becomes apparent that the ALJ's rejection of these alleged limitations turned on two points: the medical evidence did not support a finding that Plaintiff was functionally limited due to fatigue and that her subjective complaints regarding her alleged limitations, including fatigue, were not credible. Thus, unlike *Clark*, in which the ALJ did not address "at all" the plaintiff's complaints of fatigue, the ALJ sufficiently considered Plaintiff's intermittent complaints of fatigue and determined that they were neither credible nor substantiated by the medical record.

This was likewise true in regard to the effect of her alleged fatigue in relation to her obesity. I agree that "[t]he effects of obesity must be properly considered and evaluated when evaluating disability." *See Rodman v. Astrue*, No. 09-770, 2011 WL 1119875, *3 (D. Colo. March 28, 2011). However, in *Howard v. Barnhart*, the Tenth Circuit concluded that the ALJ sufficiently took the plaintiff's obesity into account when he discussed the lack of limitations in

6

regard to claimed impairments and where the findings of consultative examination supported the RFC determination. 379 F.3d 945, 948 (10th Cir. 2004).  In the present case, the ALJ stated that the "effects of [Plaintiff's] obesity have been considered when determining a residual functional capacity" per SSR 02-01p.  AR 22. Although the ALJ did not specifically make a finding regarding the relationship between Plaintiff's obesity and her alleged fatigue, the ALJ's decision found on multiple occasions that Plaintiff's subjective complaints regarding fatigue were neither credible nor supported by medical evidence. Furthermore, as stated above, while finding that Plaintiff suffered from obesity, Dr. Bissell, did not make any findings that her obesity or fatigue caused any functional limitations and that Plaintiff could perform "medium work," which the ALJ ultimately restricted to light work in his RFC.  Thus, like *Howard*, the ALJ did not find that Plaintiff was impaired by her alleged fatigue and this conclusion was supported by medical evidence.  Accordingly, the ALJ was not required to further examine the relationship between Plaintiff's obesity and her alleged fatigue.

Finally, even assuming the ALJ did not sufficiently consider Plaintiff's subjective complaints of fatigue, I recommend concluding that such error would be harmless. The ALJ gave "great weight" to Dr. Bissell's opinion.  Dr. Bissell concluded that there was no evidence of any functional limitations.  Dr. Bissell, as well as Dr. Romanick, further opined that Plaintiff was capable of "medium work." AR 58, 536-36.  Despite this, the ALJ gave Plaintiff the "benefit of the doubt" in regard to the "limiting effects of [her] alleged symptoms and limitations," and included in the RFC a limitation to light work.[1]  AR 20. Plaintiff does not present any argument

---

[1] Light work is defined as involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567.  The regulations state that to be "considered capable of performing a full or wide range of light work, [the plaintiff] must have the ability to do substantially all of these activities." *Id.*

7

that had the ALJ accepted her subjective complaints of fatigue, which he effectively did to some extent in limiting her to light work, that this limitation to light work fails to sufficiently account for her alleged fatigue. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir. 2012) (concluding that the alleged error was harmless where the error alleged resulted in the ALJ developing a mental RFC more favorable to the plaintiff than the medical evidence established).

### IV. CONCLUSION

For the foregoing reasons, I accordingly recommend that Court deny Plaintiff's motion to reverse and remand.

/s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**