IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NORMA EUNICE GOMEZ,

    Plaintiff,

v.                                                                                               Civ. No. 15-00507 KG/SCY

CAROLYN W. COLVIN,
*Commissioner of the*
*Social Security Administration*,

    Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on the Proposed Findings and Recommended Disposition ("PFRD"), filed August 29, 2016 (Doc. 32). In the PFRD, the Honorable Steven C. Yarbrough, United States Magistrate Judge for the District of New Mexico, advised the Court to affirm the ALJ's decision and deny Plaintiff's Motion to Remand (Doc. 24). Plaintiff timely filed her objections to the PFRD on September 12, 2016. (Doc. 33). With regard to Plaintiff's objections, the Court has considered the issues raised *de novo* and will adopt Magistrate Judge Yarbrough's findings and recommended disposition.

**I.    STANDARD OF REVIEW**

After a party objects to the magistrate judge's proposed findings and recommendations, the Court "shall make a *de novo* determination of those portions . . . to which objection is made."[1] 28 U.S.C. § 636(b). Objections must be made with specificity; general or conclusory

---

[1] Pursuant to 28 U.S.C. § 636(b)(1), a party may file objections to a magistrate judge's proposed findings and recommended disposition within fourteen days of being served with those findings. 28 U.S.C. § 636(b)(1).

objections are insufficient. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## II.     Analysis

Judge Yarbrough recommended that the Court reject Plaintiff's argument that the ALJ failed to sufficiently consider the effects of fatigue on her ability to sustain work. (Doc. 32 at 5). Plaintiff claims that her fatigue, in large part, is the product of her diabetes and obesity. *Id.* In urging the Court to reject Judge Yarbrough's recommendation, Plaintiff essentially repeats many of the arguments she made in support of her Motion to Remand. (Doc. 24). The Court is not persuaded by Plaintiff's arguments and agrees with Judge Yarbrough's proposed findings and recommended disposition.

First, contrary to Plaintiff's assertion, the ALJ did not limit the discussion of Plaintiff's alleged fatigue to a list of her complaints. (Doc. 33). After acknowledging that Plaintiff listed fatigue as one of her subjective complaints, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." AR 21. As detailed in the PFRD, the ALJ subsequently discussed his reasons for concluding that Plaintiff's subjective complaints, which included fatigue, were not credible. And, because Plaintiff does not argue in her objections to the PFRD that the ALJ provided inadequate reasons to support his credibility findings, the Court will not rehash Judge Yarbrough's findings on this point. Suffice it to say that the Court agrees with Judge Yarbrough that the ALJ's discussion of Plaintiff's alleged fatigue was not limited to a list of her subjective complaints, but also included his findings throughout the decision that Plaintiff's subjective complaints were not credible. *See* AR 21-22.

The Court similarly agrees with the Magistrate Judge's conclusion that, because the ALJ found that Plaintiff was not impaired by her alleged fatigue (a finding supported by medical evidence), the ALJ was not required to further examine the relationship between Plaintiff's obesity and her alleged fatigue.  As noted by Judge Yarbrough, in addition to the ALJ's finding that Plaintiff's subjective complaints of fatigue were not credible, Dr. Bissell did not make any findings that Plaintiff's obesity or fatigue caused any functional limitations.  Accordingly, the ALJ's discussion of Plaintiff's obesity, and any relationship it had with Plaintiff's fatigue, was sufficient.  *Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004).

Even assuming the ALJ did not sufficiently consider Plaintiff's complaints of fatigue, however, Plaintiff lodged no objection to Judge Yarbrough's conclusion that such error would be harmless.  *See* Doc. 32 at 7.  As Judge Yarbrough pointed out, despite undisputed opinions by both Doctors Bissell and Romanick that Plaintiff was capable of medium work, the ALJ gave Plaintiff the "benefit of the doubt" in regard to the "limiting effects of [her] alleged symptoms and limitations" and included in the RFC a limitation to light work.  AR 20.  Plaintiff neither argued in her Motion to Remand nor in objections before this Court that this limitation to light work failed to account for her subjective complaints of fatigue. Indeed, contrary to Plaintiff's argument, this limitation to light work was made specifically in recognition of her subjective complaints, which included fatigue.  AR 7.  Accordingly, the Court agrees with Judge Yarbrough that, even assuming that the ALJ's discussion failed to adequately account for Plaintiff's complaints of fatigue, the ALJ's downgrading of Plaintiff's RFC to light work sufficiently accounted for Plaintiff's allegations of fatigue.

**IT IS THEREFORE ORDERED THAT**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 32) is ADOPTED.

2. Plaintiff's Motion to Remand (Doc. 24) is DENIED.

_____
UNITED STATES DISTRICT JUDGE